IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

IVAN KING, et al                                                                              PLAINTIFFS

V.                                            5:08-CV-00167-WRW

ARKANSAS DEPARTMENT
OF CORRECTIONS, et al.                                                           DEFENDANTS

## ORDER

Pending is Defendant's Motions to Dismiss (Doc. Nos. 9, 18). Plaintiff has responded.[1]

I.      BACKGROUND

Plaintiffs bring this class action complaint on behalf of themselves and all other similarly situated Arkansas Department of Corrections ("ADC") employees and inmates. Plaintiffs assert that various constitutional rights were violated when the ADC subjected them to Computerized Voice Stress Analysis ("CVSA") by examiners who were not licensed under Arkansas's Voice Stress Analysis Examiner statute.[2] Plaintiffs, who are former employees and current inmates, assert that they suffered an injury -- they were either terminated or sent to administrative segregation -- when the ADC relied on the results of the CVSA tests.

Plaintiffs contend that because Defendants conducted "examinations in violation of the law," they deprived Plaintiffs "of their rights under color of law, including violations of both procedural and substantive due process and equal protection in violation of the Fifth and Fourteenth Amendments, [and the inmate Plaintiffs'] right to be free from cruel and unusual punishment."[3] Plaintiff seeks "damages and injunctive relief pursuant to 42 U.S.C. § 1983."[4]

---

[1] Doc. No. 15.

[2] Ark. Code Ann. § 17-39-301, *et. seq.*

[3] Doc. No. 13.

[4] Doc. No. 10.

**II.     DISMISSAL STANDARD**

Under Fed. R. Civ. P. 12(b)(6), "dismissal is appropriate only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations."[5]  Therefore, in reviewing a Motion to Dismiss, I must assume all facts alleged by Plaintiff are true.[6]  "To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter or law and not merely legal conclusions."[7]

**III.    DISCUSSION**

    **A.     State Statute**

The Arkansas's Voice Stress Analysis Examiner statute -- which sets out the requirements for examiners, the process for becoming licensed, and the penalties for actions by unlicensed examiners -- does not create a Fourteenth Amendment liberty interest.  As such, "the mere violation of a state law or rule, without more, [does not] constitute a federal due process violation."[8]

    **B.     Due Process**

To be entitled to due process, a person must have a protected property interest in his employment.[9]  Even assuming that the former employee Plaintiffs and inmate Plaintiffs have a property interest, they have alleged no facts to establish that the were denied due process in the ADC's decision to terminate their employment or send them to administrative segregation.  Their claims go solely to the fact that a CVSA test, conducted by an unlicensed examiner, was considered during the investigation and termination process.  Neither the former employee Plaintiffs nor the inmate Plaintiffs have alleged that

---

[5]*Reeve v. Oliver*, 41 F.3d 381, 382 (8th Cir. 1994).

[6]*Autio v. AFSCME*, 140 F.3d 802, 804 (8th Cir. 1998).

[7]*Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

[8]*Williams v. Nix*, 1 F.3d 712, 717 (8th Cir. 1993).

[9]*Buchholz v. Aldaya*, 210 F.3d 862, 865 (8th Cir. 2000).

they were denied a hearing, denied the opportunity to respond to the charges, or denied post administrative review following the ADC's decisions. [10]

### C. Substantive Due Process

A substantive due process claim requires a plaintiff to "allege that a government action was 'sufficiently outrageous' or 'truly irrational, that is, something more than ... arbitrary, capricious, or in violation of state law.'"[11]

Plaintiffs' allegations do not support a finding the ADC's decision to terminate their employment or place them in administrative segregation was either "sufficiently outrageous" or "truly irrational." The fact that Defendants concluded that Plaintiffs violated ADC rules -- despite Plaintiffs' denials -- and to support their termination decisions partially relied on the results of CVSA tests conducted by unlicensed examiners, does not "shock the conscience."

### D. Equal Protection

Plaintiffs contend that Defendants violated the Equal Protection Clause because they did not subject every employee or inmate accused of similar violations to CVSA tests performed by unlicensed examiners.[12] Plaintiffs assert that their equal protection rights were violated because many employees accused of wrongdoing "are not required to undergo the CVSA, and are, therefore, not terminated based upon the unreliable test results."[13]

---

[10] See *Young*, 244 F.3d at 627 (holding that "[a] state employee is entitled to a hearing or some related form of due process before being deprived of a constitutionally protected property interest. A public employee with a protected property interest in continued employment receives sufficient due process if he receives notice, an opportunity to respond to the charges before his termination, and post-termination administrative review.").

[11] *Id.* at 628 (citations omitted).

[12] Doc. No. 13.

[13] Doc. No. 13.

3

"Absent any allegations of improper classification or discrimination among citizens, there is no judicially cognizable equal protection cause of action."[14] As Defendants point out, "Plaintiff[s] ha[ve] not identified a class of individuals that receives more favorable treatment, and have not alleged membership in a distinct class, protected or otherwise."[15] The Supreme Court has recently recognized that "[t]o treat employees differently is not to classify them in a way that raises equal protection concerns. Rather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship."[16] Only when some improper classification or discrimination comes into play might the claim fall under the guise of the Equal Protections Clause. No such claim has been asserted here.

E.  **Inmate Plaintiffs' Eighth Amendment Claims**

To state a claim under the Eighth Amendment for cruel and unusual punishment, it must be established that: "1) the deprivation alleged is sufficiently serious-the prison official's act or omission results in the denial of the minimal civilized measure of life's necessities; and 2) the prison official acts with 'deliberate indifference' - he knows of and disregards an excessive risk to inmate health and safety."[17] Here, the inmate Plaintiff's claim only that they were placed in administrative segregation. Under no set of facts consistent with the allegations can the inmate Plaintiffs establish a claim for cruel and unusual punishment in violation of the Eighth Amendment.

F.  **§ 1983 Claims and Monetary Damages**

States, state agencies, and state officials acting in their official capacities are not "persons" subject to suit under § 1983.[18] Accordingly, Plaintiffs have failed to state a claim against the Arkansas

---

[14]*Shortino v. Wheeler*, 531 F.2d 938, 939 (8th Cir. 1976).

[15]Doc. No. 19.

[16]*Engquist v. Oregon Dept. Of Agr.*, 128 S. Ct. 2146, 2156 (2008).

[17]*Brown v. Nix*, 33 F.3d 951, 955 (8th Cir. 1994).

[18]*Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989).

Department of Corrections and Arkansas State Police. Additionally, any claims for monetary damages against Defendants "in their official capacities" are without merit.[19]

### G. Self-Incrimination Claims

Plaintiffs repeatedly claim that they "were not notified of [their] right against making self-incriminating statements while the investigation and test were being conducted." To the extent that these are Fifth Amendment claims, they are without merit.[20]

### H. Class Claims

In this case, the individuality of the claims clearly outweigh any commonality. Therefore, Plaintiffs' claims for class certification are denied.

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Defendants' Motions to Dismiss (Doc. Nos. 9, 18) are GRANTED, and this case is DISMISSED. All other pending motions are DENIED as MOOT.

IT IS SO ORDERED this 28th day of August, 2008

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[19] See *Id.* at 71, n.10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prespective relief are not treated as actions against the State.'").

[20] See *Entzi v. Redmann*, 485 F.3d 998, 1002 (8th Cir. 2007) (holding that the general rule is that a person has no claim for civil liability based on the Fifth Amendment's guarantee against compelled self-incrimination unless compelled statements are admitted against him in a criminal case).